PER CURIAM.
We have for review the order of referee recommending that the Supreme Court of Florida accept the order set forth in the joint motion and stipulation of settlement, and that the respondent, Louis Jackson, be ordered to pay costs in accordance with the motion to tax costs. Jurisdiction is pursuant to article V, section 15, Florida Constitution.
The Florida Bar’s petition against unauthorized practice of law was filed against respondent on January 7, 1980, charging him with 1) rendering legal advice to officials of the city of Sarasota, Florida, with respect to matters essentially involving Florida public employee relations law; 2) conducting himself in such a manner to cause city officials to regard him as the city’s labor relations counsel; 3) assuming, as a partner in a New York based law firm, continuing responsibility for supervision of the operations of the firm’s Sarasota office; 4) exercising, as a partner in the New York firm, supervisory control over associates operating on a permanent basis out of the Sarasota office, which associates were members of The Florida Bar, with respect to matters involving essentially Florida public employee relations law for officials of the city of Sarasota.
The joint motion and stipulation of settlement by The Florida Bar, petitioner, and Louis Jackson, respondent, is as follows:
WHEREAS, The Florida Bar filed a petition against the unauthorized practice of law charging that certain activities of the respondent constituted the unauthorized practice of law; and,
WHEREAS, the Supreme Court of Florida issued its rule to show cause to Louis Jackson requiring a response; and,
WHEREAS, the respondent, Louis Jackson, filed an answer to the petition and the petitioner has subsequently engaged in certain-discovery; and,
WHEREAS, The Florida Bar is willing to conclude this matter against the respondent, Louis Jackson, if the referee recommends, and the Supreme Court of Florida will agree to this settlement and enter the order set forth below.
The Florida Bar and Louis Jackson jointly stipulate and agree as follows:
1. The procedural provisions of Article XVI of the Integration Rule of The Florida Bar are, for the purpose of this settlement, hereby waived.
2. If the order set forth herein below is not approved and entered by the Supreme Court of Florida, then this joint motion and stipulation is void.
*819 NOW THEREFORE, The Florida Bar and the respondent, Louis Jackson, jointly move that this Court in full and final settlement and disposition of this cause as to the parties enter the following order:
It is hereby ordered and adjudged as follows:
1. The provisions of the foregoing joint motion and stipulation are approved and confirmed.
2. After considerable discovery by petitioner, and upon the representation of respondent that he is now fully retired from the practice of law and is no longer engaged in any employment with the City of Sarasota which could be construed as the practice of law, which representation petitioner relies on, it is hereby adjudged that this case is moot, and it is dismissed for that reason.
3. It is further ordered that respondent pay the costs of this proceeding to petitioner. The amount of such costs shall be determined by this Court in a motion to fix costs submitted by petitioner subsequent to the entry of this order by this Court.
The referee recommended in his order of January 5, 1981, that we accept the order set forth in the joint motion and stipulation of settlement. As set forth in the joint motion and stipulation, The Florida Bar is willing to conclude this matter against the respondent if we agree to this settlement.
We agree and hold that:
1. The provisions of the joint motion and stipulation are approved and confirmed.
2. After considerable discovery by petitioner, and upon the representation of respondent that he is now fully retired from the practice of law and is no longer engaged in any employment with the city of Sarasota which could be construed as the the practice of law, it is hereby adjudged that this case is moot and it is dismissed for that reason.
3. It is further ordered that respondent pay the costs of this proceeding to petitioner. The amount of such costs is determined to be $180.30.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON and ALDERMAN, JJ., concur.